IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shondreka Jacole Shippy, ) | C/A No. 0:13-1077-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Cherokee County Detention Center; ) | |
| Sgt. Blackwell; ) | |
| Captain Anderson; ) | |
| Sheriff Mueller; ) | |
| Nurse Margaret; ) | |
| Corporal Waters; ) | |
| Officer Price; ) | |
| Nurse Roanna, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Shondreka Jacole Shippy ("Plaintiff"), proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of her civil rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a pretrial detainee currently being housed at the Cherokee County Detention Center ("CCDC"), and the individual defendants are CCDC employees. She files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Amended Complaint in accordance with applicable law, the court concludes that the plaintiff's claims against two of the named defendants should be summarily dismissed.

I.      Factual and Procedural Background

Plaintiff claims that when she was transferred from Leath Correctional Institution to CCDC, Defendant Corporal Waters told her to sleep on the floor by the "recreation door." (ECF No. 1 at

Page 1 of  8

3.) Plaintiff says that, on the third day, a spider bit her on the leg. Plaintiff then asked Defendant Sgt. Blackwell "if they could please spray for spiders." (Id.) Plaintiff complains that, although Blackwell "said she would see," as of April 16, 2013, there had been no spraying. (Id.) Plaintiff contends that, after her spider bite, she ran a fever and had to pay for a sick call and for medicine.

Plaintiff avers that she complained of a lot of mold and mildew in the shower, but her grievance was never returned. She states that, after "breaking out with rashes all over my body," she "went to medical." (Id.) Plaintiff claims that she had to pay for another sick call and more medication, but her skin is still very irritated.

Plaintiff further complains that the security cameras are not watched, and she relates an incident where another inmate was attacked and involved in a fight for ten minutes before Defendant Waters "checked to see who all was in the bathroom." (Id.) She adds that the smoke detectors do not work in her unit and, in November 2012, there was an investigation into the mold, smoke detectors, wall graffiti, and "inmates sleeping on the floor, in the emergency exit path." (Id. at 4.)

Plaintiff adds that, in February 2013, she dislocated her left rotary cuff while exercising. She says that she put in a sick call to see the nurse, and that Defendant Nurse Margaret told her that she would see a doctor "in a couple of weeks," but as of April 16, 2013, Plaintiff had not been seen by a doctor. (Id.) Plaintiff states that she wrote to the "Capt" (presumably, Defendant Captain Anderson), but she does not make specific allegations against Defendant Sheriff Mueller.

In an amendment to her Complaint, Plaintiff complains of additional severe, spreading skin irritation, due to the mold and fungus in the CCDC showers, and of multiple bug bites. (ECF No. 14 at 1.) In this amendment, she adds Defendant Nurse Roanna because she told Plaintiff she would

not be ordering more skin cream. Plaintiff contends that she has had to incur more costs for medical visits.

On July 12, 2013, Plaintiff filed a motion to amend her Complaint further. (*See* ECF No. 20.) In her motion, Plaintiff stated that she told Captain Anderson about her bug bites, and he responded that he would try to get her some cream. Plaintiff informed Captain Anderson that Nurse Amanda and Defendant Nurse Roanna said that they would not be ordering any cream. Plaintiff also reports that pest control has come to CCDC three times for treatment. Plaintiff added Defendant Officer Price because he announced that female inmates would not be provided with products for their menstrual cycles.

Plaintiff states that she wishes to be compensated for her pain, suffering, and humiliation. She wants Cherokee County "to be made liable for providing a safer environment for the inmates" (ECF No. 1 at 5), and asks for laser surgery (ECF No. 20 at 2).

II.     Discussion

   A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).



The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton v. Hernandez, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  See Neitzke v. Williams, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal,

---

[1]  Screening pursuant to § 1915A is subject to this standard as well.



556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

  B. Analysis

  Initially, the Amended Complaint in this case should be summarily dismissed insofar as it names CCDC as a defendant. To state a claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." See 42 U.S.C. § 1983; see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. See Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."), overruled on other grounds, No. 99-6950, 2000 WL 20591 (4th Cir. 2000); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed

at 'persons' and the jail is not a person amenable to suit."). Thus, CCDC cannot be named as a defendant in a suit under § 1983.

The Amended Complaint should also be summarily dismissed as to Defendant Sheriff Mueller because Plaintiff has failed to allege any facts showing personal involvement by this Defendant in connection with any alleged constitutional violation. See Iqbal, 556 U.S. at 677. The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Moreover, a claim based upon the doctrine of respondeat superior does not give rise to a § 1983 claim. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. As the Iqbal Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." Id. at 677. Indeed, the dissent in Iqbal opined that, "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [] supervisory liability entirely." Id. at 693 (Souter, J., dissenting). Moreover, even if the majority in Iqbal did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the instant Amended Complaint fails entirely to plead facts sufficient to go forward on such a theory based on Fourth Circuit precedent. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Accordingly, Plaintiff's claims against Defendant Sheriff Mueller fail as a matter of law.

III.     Recommendation

Thus, the court recommends that the Amended Complaint in the above-captioned case be summarily dismissed as to Defendants CCDC and Sheriff Mueller without prejudice and without issuance and service of process. By separate order, the court has authorized the issuance and service of process on the remaining defendants.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 16, 2013
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).